# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

DENNIS MITCHELL,

        Petitioner,

        v.

UNITED STATES OF AMERICA,

        Respondent.

CIVIL ACTION NO.: 2:16-cv-104

(Case No. 2:07-cr-33)

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Dennis Mitchell ("Mitchell"), who is currently incarcerated at the Federal Correctional Institute in Bennettsville, South Carolina, filed, through counsel, a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The Court directed service of this Motion on the United States Attorney for the Southern District of Georgia and directed the United States Attorney to file a response within thirty days of the Eleventh Circuit Court of Appeals' decision on Mitchell's application to file a second or successive Section 2255 Motion. (Doc. 2.) After the Eleventh Circuit granted Mitchell's application to file a second or successive Section 2255 Motion, Respondent filed a Response agreeing with Mitchell that his sentence should be set aside and that he should be resentenced. (Doc. 4.) For the reasons which follow, I **RECOMMEND** this Court **GRANT** Mitchell's Motion, **VACATE** his sentence, and that Mitchell be resentenced after preparation of an updated Pre-Sentence Investigation report ("PSI").

## BACKGROUND

On December 19, 2008, after a trial in this Court, the jury found Mitchell guilty of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

Jury Verdict, United States v. Mitchell, 2:07-cr-33 (S.D. Ga. Dec. 19, 2008), ECF No. 130. The

Honorable Anthony A. Alaimo sentenced Mitchell to 262 months' imprisonment. J., United

States v. Mitchell, 2:07-cr-33 (S.D. Ga. Dec. 22, 2008), ECF No. 145. Mitchell filed an appeal,

and the Eleventh Circuit Court of Appeals affirmed this Court's judgment and sentence.

Mandate, United States v. Mitchell, 2:07-cr-33 (S.D. Ga. Apr. 13, 2010), ECF No. 167.

On June 27, 2011, Mitchell filed his first Section 2255 Motion. Mot., United States v.

Mitchell, 2:07-cr-33 (S.D. Ga. June 27, 2011), ECF No. 172. This Court denied Mitchell's

Motion. R. & R. and Order, United States v. Mitchell, 2:07-cr-33 (S.D. Ga. Nov. 28, 2011, and

Jan. 6, 2012), ECF Nos. 184, 188.

Mitchell filed the instant Section 2255 Motion—his second—on June 23, 2016. (Doc. 1.)

Therein, he argues that his enhanced sentence pursuant to the Armed Career Criminal Act

("ACCA"), 18 U.S.C. § 924(e), is constitutionally invalid, as his previous convictions are no

longer considered to be violent felonies under the residual clause of the ACCA.[1] Id. Mitchell

bases his assertion on the United States Supreme Court's decision in Johnson v. United States,

___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015). Mitchell notified this Court that he had an

application pending before the Eleventh Circuit to file a second Section 2255 Motion pursuant to

28 U.S.C. § 2255(h). (Id. at pp. 2–3.) Accordingly, the Court stayed the case and ordered that

Respondent file its response to the Motion within thirty days of the Eleventh Circuit's decision

on Mitchell's application. (Doc. 2.) After Mitchell filed a notice that the Eleventh Circuit had

granted his application to proceed, (doc. 3), Respondent filed its Response, (doc. 4). Therein,

---

[1] Under the ACCA, a defendant who is convicted under 18 U.S.C. § 922(g) is subject to a 15-year
mandatory-minimum prison sentence if he has three prior convictions for "serious drug offenses" or
"violent felonies" committed on separate occasions. 18 U.S.C. § 924(e)(1); see also United States v.
Samuel, 580 F. App'x 836, 841 (11th Cir. 2014). Without Section 924(e)'s enhancement, Mitchell would
have been subject to a maximum term of ten years in prison. See Bryant v. Warden, FCC Coleman-
Medium, 738 F.3d 1253, 1285 (11th Cir. 2013) (recognizing that "[s]ection 924(a)(2) states that the
maximum sentence for a violation of § 922(g) is 10 years.").

Respondent agrees that Mitchell's sentence is no longer valid under <u>Johnson</u> and that he is due to be resentenced.  <u>Id.</u>

## DISCUSSION

The crux of Mitchell's Motion is that he no longer qualifies for an enhanced sentence under the ACCA in light of the <u>Johnson</u> decision.  The ACCA "defines 'violent felony' as follows: 'any crime punishable by imprisonment for a term exceeding one year . . . that—'(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.'  § 924(e)(2)(B) (emphasis added).  The closing words of this definition, italicized above, have come to be known as the Act's residual clause."  <u>Johnson</u>, ___ U.S. at ___, 135 S. Ct. at 2555–56.  In <u>Johnson</u>, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process" because the clause is unconstitutionally vague.  ___ U.S. at ___, 135 S. Ct. 2551, 2563.  However, the Court also emphasized that its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."  <u>Id.</u>  The Supreme Court decided in <u>Welch v. United States</u>, ___ U.S. ___ 2016 WL 1551144 (Apr. 18, 2016), that <u>Johnson</u> applies retroactively to cases on collateral review.

In Mitchell's case, this Court sentenced him under the ACCA based on three predicate convictions: (1) a November 18, 1996, conviction for burglary (Superior Court, Glynn County Georgia, Dkt. No. 9300804); (2) a September 14, 1993, conviction for criminal attempt to commit burglary (Superior Court, Glynn County, Georgia, Dkt. No. 9300804); and (3) another September 14, 1993, conviction for criminal attempt to commit burglary (Superior Court, Glynn

County, Georgia, Dkt. Nos. 9400051). (PSI ¶ 21, 28, 32, 37.)[2] Mitchell's two convictions for criminal attempt to commit burglary could only have qualified as ACCA predicate offenses under the residual clause. Under Georgia law, an attempt requires only a "substantial step" toward the completed offense. See O.C.G.A. § 16-4-1. Thus, attempted burglary does not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(ii). Additionally, a conviction for attempted burglary does not categorically require all the elements of a "generic" burglary offense. Thus, attempted burglary does not constitute "burglary" for purposes of the ACCA's enumerated clause. 18 U.S.C. § 924(e)(2)(B)(ii). See James v. United States, 550 U.S. 192, 197 (2007) (holding that conviction for attempted burglary does not qualify as violent felony under enumerated clause or elements clause of ACCA), *overruled on other grounds by* Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551.

This Court could only have sentenced Mitchell to 262 months' imprisonment by operation of the residual clause, and the Supreme Court struck down that clause in Johnson. Accordingly, Mitchell's sentence now exceeds Section 924(a)(2)'s maximum term of imprisonment of 120 months and violates the Constitution. For these reasons, I **RECOMMEND** the Court **GRANT** Mitchell's Section 2255 Motion.

## CONCLUSION

I **RECOMMEND** this Court **GRANT** Mitchell's Motion, **VACATE** his sentence, and that Mitchell be resentenced after preparation of an updated Pre-Sentence Investigation report.

---

[2] Mitchell's PSI is filed under seal in his criminal case. United States v. Mitchell, 2:07-cr-33 (S.D. Ga. June 6, 2016), ECF No. 263. Mitchell was also convicted of simple battery on December 22, 1995 (Glynn County Superior Court Dkt. No. CR96000291). (PSI ¶ 30.) The PSI did not identify this conviction as an ACCA predicate offense. The Court need not address the issue at this time, because, even if Mitchell's simple battery conviction qualified as a predicate offense, he would still only have two predicate offenses, one short of the three necessary for operation of the ACCA.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 12th day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA